893 So.2d 1062 (2004)
MISSISSIPPI INSURANCE GUARANTY ASSOCIATION, Appellant
v.
GOLDIN PROPERTIES, INC., Appellee.
No. 2003-CA-01654-COA.
Court of Appeals of Mississippi.
July 20, 2004.
Rehearing Denied November 30, 2004.
Certiorari Denied February 17, 2005.
Lawrence Cary Gunn, Hattiesburg, attorney for appellant.
Paul J. Delcambre, Gulfport, attorney for appellee.
Before BRIDGES, P.J., MYERS and GRIFFIS, JJ.
BRIDGES, P.J., for the Court.
¶ 1. Goldin Properties, Inc., filed a complaint seeking a declaratory judgment against Mississippi Insurance Guaranty Association (MIGA) requesting that MIGA cover the insurance policies issued by Reliance Insurance Company of Illinois. To support its claim, Goldin alleged that Reliance Insurance Company of Illinois had merged into Reliance Insurance Company and the latter was licensed and covered by the Guaranty Association Law and due to the latter's insolvency MIGA should be held liable.
¶ 2. There were no disputes among the parties as to facts. Goldin requested summary judgment declaring that the MIGA law applies to the legal questions. MIGA also filed a motion for summary judgment. The Circuit Court of Harrison County granted Goldin's motion for summary judgment and MIGA now appeals that decision.

*1063 STATEMENT OF THE ISSUE

I. DID RELIANCE INSURANCE COMPANY OF ILLINOIS MEET THE DEFINITION OF AN "INSOLVENT INSURER" UNDER THE MISSISSIPPI INSURANCE GUARANTY ASSOCIATION LAW?

FACTS
¶ 3. MIGA administers a fund created to partially pay the claims against those insurers declared insolvent. This organization was created by the Mississippi legislature and is governed by the numerous statues sections contained in Mississippi Code Annotated volume 83, chapter 23. This fund is funded through assessments of its members based on "net direct written premiums" as a portion of their business generated in Mississippi. All insurance companies licensed to do business in Mississippi are members of MIGA. MIGA cannot assess collections of premiums made by non-MIGA members. Therefore, MIGA does not cover the claims against insolvent non-MIGA members.
¶ 4. The policy in this case was issued by Reliance Insurance Company of Illinois a non-MIGA member. Goldin was the insured and a claim was made by Goldin against Reliance Insurance Company of Illinois on March 20, 2000. A settlement was made between the parties and a periodic payment plan created. Soon thereafter, Reliance Insurance Company of Illinois merged with Reliance Insurance Company, a member of the MIGA. Under the agreements of the merger, Reliance Insurance Company of Illinois ceased to do business and all its debts and liabilities were assumed by Reliance Insurance Company.
¶ 5. The agreement between Reliance Insurance Company and Reliance Insurance Company of Illinois does not address the issue of MIGA assessments. MIGA assessments are based on the premiums as they are collected when the policy is written. The Pennsylvania Commissioner of Insurance declared Reliance Insurance Company insolvent and Goldin filed suit to force MIGA to respond to its obligation.

ANALYSIS

DID RELIANCE INSURANCE COMPANY OF ILLINOIS MEET THE DEFINITION OF AN "INSOLVENT INSURER" UNDER THE MISSISSIPPI INSURANCE GUARANTY ASSOCIATION LAW?
¶ 6. This case is one of statutory interpretation. "MIGA is prohibited by statute from paying anything other than a covered claim, and the statute further requires that all other sources of insurance must be exhausted before looking to MIGA for any coverage." Mississippi Ins. Guar. Ass'n v. Byars, 614 So.2d 959, 963 (Miss.1993). "Covered claim" as defined by Mississippi Code Annotated section 83-23-109(f) is: "an unpaid claim, including one of unearned premiums, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this article applies issued by an insurer, if such insurer becomes an insolvent insurer...." An "insolvent insurer" as defined by Mississippi Code Annotated section 83-23-109(g) is: "an insurer licensed to transact insurance in this state either at the time the policy was issued or when the insured event occurred and against whom an order of liquidation with a finding of insolvency has been entered by a court of competent jurisdiction...."
¶ 7. "The controlling factor is the insolvency of the insurance company after the effective date of the act and not when the claims arose. In so holding we are carrying out the object and purpose of the act and construing it in accordance with the *1064 intention of the legislature, although such construction may not be in accordance with the strict rules of English grammar." Mississippi Ins. Guaranty Ass'n v. Gandy, 289 So.2d 677, 682 (Miss.1973). In Gandy, the Mississippi Supreme Court adopted and affirmed the Louisiana Appellate Court's interpretation and application of these statutes.
¶ 8. In this situation, we do not find that the claim can be brought under this MIGA act. At all times, the policy issue date, the insured event date and the merger date Reliance Insurance Company of Illinois was a surplus lines company, meaning they were a non-member of MIGA. Therefore, under the statutes as written and carried out, no premiums were assessed into the MIGA fund. If this merger had not happened, it would be certain that Goldin would be ineligible to recover from this fund. MIGA is a reluctant and resulting third party to this merger, in that it has no ability to approve, consider or even have advance notice of potential claims its members may be acquiring through merger. It would be inequitable for Goldin to recover from a fund when no assessment from the policy issued to him was ever collected by the MIGA.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., SOUTHWICK, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.